IN THE UNITED STATES DISTRICT COURT FOR 

THE WESTERN DISTRICT OF OKLAHOMA

DEC 17 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| TONYA COLLINS, as the ADMINISTRATOR OF THE ESTATE OF LARRY COLLINS, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. CIV-12-819-W |
| KATIE LAWSON et al., ) ) ) | |
| Defendants. ) | |

### ORDER

On December 31, 2007, Larry Collins ("L Collins") brought suit in the District Court of Oklahoma County, Oklahoma, seeking relief under state law for injuries that he had allegedly sustained during his arrest and incarceration in July 2007. See Collins v. City of Oklahoma City, No. CJ-2007-11166. L Collins dismissed that action without prejudice on July 17, 2009.

On July 20, 2009, L Collins instituted a second lawsuit, Collins v. Citty, No. CIV-09-756-W ("Collins II"), this time alleging that his constitutional rights had been violated when he was arrested and detained in July 2007. He again named as defendants, among others, John Whetsel, in his official capacity as Sheriff of Oklahoma County, Oklahoma, and Katie Lawson, a police officer employed by the City of Oklahoma City, in her individual capacity. In Collins II, L Collins also named as defendants Audrey M. Reiber, in her individual and official capacities, and Colleen M. Fickel, in her individual and official capacities. See id. Doc. 1.

On August 1, 2011, the Court was advised that L Collins had died, see id. Doc. 134, and on August 2, 2011, LaTonya Collins, as Personal Representative of the Estate of Larry Collins, deceased ("Collins"), was substituted as plaintiff. See id. Doc. 135.

Plaintiff's counsel in Collins II failed to meet certain deadlines agreed to by the parties and established by the Court. Because counsel had failed to meet other deadlines[1] in the case and had been previously admonished to prosecute the lawsuit in a more diligent and expeditious manner, the Court on August 30, 2011, granted the Joint Motion to Dismiss filed by defendants Whetsel, in his official capacity, Lawson, in her individual capacity, Reiber, in her individual and official capacities, and Fickel, in her individual and official capacities, and dismissed Collins II without prejudice. See id. Doc. 144.

Citing both Rule 16, F.R.Civ.P., and Rule 41(b), F.R.Civ.P., the Court found that the interests of justice would be best served, however, if the dismissal was "subject to the condition that should Collins refile this matter, . . . [she] shall be liable to each defendant named in the re-filed matter and shall reimburse each defendant so named for all legal fees and costs reasonably incurred by that defendant in litigating [Collins II] . . . ." Id. at 5-6, ¶ (3)(footnote omitted). The Court advised "Collins that should she refile th[e] matter

---

[1] See Collins II, Doc. 54 (Motion to Dismiss Portions of Plaintiff's Complaint filed by defendant William Citty, in his individual and official capacities, granted after L Collins failed to respond within allotted time); Doc. 105 (Motion to Dismiss filed by defendants Lt. Don Stevenson, in his individual and official capacities, and John Whetsel, in his individual capacity, granted after L Collins failed to respond within allotted time); Doc. 106 (Motion to Dismiss filed defendant Lawson granted and L Collins' federal law claims against Lawson in her official capacity and L Collins' state law claims against Lawson in her individual and official capacities dismissed after L Collins failed to respond within allotted time); Doc. 109 (Motion for Reconsideration denied after L Collins failed to show excusable neglect for failure to timely respond); Doc. 129 (Motion for Summary Judgment filed by defendants Tom Wilson, in his individual and official capacities, and Security Transportation Services ("STS") granted after L Collins failed to respond within allotted time); Doc. 133 (Motion for Summary Judgment filed by Wilson and STS again granted after L Collins failed to respond within the allotted time after being given a second opportunity to do so).

and fail to meet this condition, that the refiled action shall be dismissed with prejudice upon the written request of the defendant or defendants." Id. at 6, ¶ 4.

On July 25, 2012, Collins as the Administrator of the Estate of Larry Collins, deceased, refiled the lawsuit and named as party defendants Lawson, individually, Whetsel, in his individual and official capacities, Fickel, in her individual and official capacities,[2] and Reiber, in her individual and official capacities. See Doc. 1.

On October 1, 2012, counsel for Fickel and Reiber filed a Suggestion of Death [Doc. 16] pursuant to Rule 25(a), F.R.Civ.P. Such filing prompted Collins to file a Motion for Substitution, see Doc. 18, wherein Collins sought leave to substitute Robert Reiber as Personal Representative of the Estate of Audrey Reiber, deceased ("R Reiber") as defendant. The record established that Reiber had died on December 27, 2011, see Doc. 30-1 at 1, and that R Reiber had been appointed executor of her Estate. See id. at 4.

The issue of substitution was resolved by the Court's Order issued on November 29, 2012. See Doc. 40. R Reiber in his capacity as Executor of the Estate of Audrey M. Reiber, deceased, was substituted as defendant in place of Reiber, individually. To the extent that Collins had sought to substitute R Reiber as defendant in place of Reiber in her official capacity as a Parole Staff Technician employed by the Interstate Parole Services for the Commonwealth of Pennsylvania Board of Probation and Parole, see Doc. 1 at 4, ¶ 11; id. at 23, ¶ 102, the Court found that substitution was unnecessary[3] since Collins had

---

[2] Although the caption of the complaint indicates that Fickel is sued only in her official capacity as Director of the Interstate Parole Services for the Commonwealth of Pennsylvania Board of Probation and Parole, see Doc. 1 at 1, the allegations in the body of the complaint indicate that Fickel is being sued in both her individual and official capacities. See id. at 4, ¶ 10; id. at 23, ¶ 102.

[3] Collins' individual-capacity claims against Reiber requesting relief under title 42, section 1983 of the United States Code "seek to impose personal liability upon [Reiber, as] a government

3

already named as a defendant in this action Fickel in her official capacity as Director of the Interstate Parole Services for the Commonwealth of Pennsylvania Board of Probation and Parole. Thus, to the extent, if any, Collins sought to hold the Interstate Parole Services for the Commonwealth of Pennsylvania Board of Probation and Parole liable, that governmental entity was already a defendant in the action because the Court construed Collins' federal law claims against Fickel in her official capacity as claims against that governmental entity since Fickel was an agent of the same. E.g., Graham, 473 U.S. at 165; Rounds v. Clements, 2012 WL 3764894 *2 (10th Cir. August 31, 2012)(official capacity suit against state actor is suit against state). The Court found that also naming Reiber in her official capacity was therefore redundant. E.g., Culbertson v. Fletcher Public School District, 2011 WL 3477112 (W.D. Okla. 2011).

The Court further found to the extent Collins sought to hold Reiber liable under state law, R Reiber as Executor of the Estate of Audrey M. Reiber, deceased, should be substituted as defendant in place of Reiber, individually. However, to the extent, if any, Collins sought to hold the Interstate Parole Services for the Commonwealth of Pennsylvania Board of Probation and Parole liable under Oklahoma law, the Court again found that the proposed substitution of R Reiber as Executor of the Estate of Audrey M. Reiber, deceased, for Reiber, in her official capacity, was unwarranted since Fickel in her official capacity was already a party to this lawsuit. E.g., Speight v. Presley, 203 P.3d 173

---

official[,] for actions [s]he t[ook] under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(citation omitted). Collins' official-capacity suit against Reiber under section 1983, "in contrast, [is] '. . . only another way of pleading an action against [the] . . . entity of which [Reiber was] . . . an agent.'" Id. (quoting Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n.55 (1978))

(Okla. 2008)(suit against government employee in her official capacity is actually suit against entity that employee represents and is attempt to impose liability on entity). See 42 Pa.C.S. 8521 et seq.

The matter now comes before the Court on the Motion to Dismiss the Complaint [Doc. 19] filed by Fickel and substituted defendant R Reiber. Collins has responded, and based upon the record, the Court makes its determination.[4]

Despite the defendants' arguments to the contrary, the Court did not impose upon Collins the obligation to reimburse any defendant named in the refiled action prior to commencement of the lawsuit. Rather, the Court advised Collins that should she refile the federal lawsuit, she would be liable to each defendant named in the second federal action and would be required to reimburse each named defendant for all legal fees and costs reasonably incurred by that defendant in litigating Collins II. Thus, Collins' failure to "prepay" these defendants does not require dismissal of her claims.

The Court has been advised that a check in the amount of $1,341.00 has been paid to the Commonwealth of Pennsylvania for those costs incurred by Fickel and Reiber in defending Collins II and paid by that entity on their behalf.[5] Because Collins has now complied with the Court's Order of August 30, 2011, the Court declines any request by the defendants to dismiss the instant lawsuit with prejudice to refiling based upon Collins' failure to pay that amount prior to the commencement of the instant case.

---

[4]In the Motion to Dismiss the Complaint itself, the defendants have stated that dismissal of the complaint is warranted "to the extent that it asserts claims that are barred by the statute of limitations." Doc. 19 at 2, ¶ 9. The defendants' supporting brief, however, did not identify the statute of limitations as a grounds for dismissal, see Doc. 20 at 3, and because it is unaccompanied by any argument or authority, this issue has not been considered.

[5]See Doc. 19-1.

Fickel in her official capacity has further argued that she is entitled to dismissal of those claims against her that seek monetary relief on the grounds that such claims are barred by the eleventh amendment to the United States Constitution. The Court agrees.

The eleventh amendment protects a state, a state agency and state employees acting within their official capacities from suit in federal court unless Congress has specifically abrogated the state's immunity or the state has waived its own immunity. E.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). It is well established that section 1983 does not abrogate a state's immunity, e.g., Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and case law teaches that the Commonwealth of Pennsylvania has expressly withheld its consent to be sued. E.g., Hinkley v. Pennsylvania Board of Probation and Parole, 2012 WL 4450888 (M.D. Pa. August 16, 2012); 42 Pa.C.S § 8521(b). Cf. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)(suit against state official in her official capacity no different from suit against state itself and not therefore considered a "person" under section 1983).

As to Collins' state law tort claims, if any, against Fickel in her official capacity, under Pennsylvania law the Commonwealth of Pennsylvania and its officials and employees acting within the scope of their duties enjoy immunity from suit except where the Pennsylvania General Assembly has, by statute, expressly waived that immunity. E.g., 1 Pa.C.S. § 2310.[6] The Commonwealth of Pennsylvania has explicitly retained its immunity

---

[6]1 Pa.C.S. § 2310 provides, in relevant part that

> it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the

from suit and has waived it in only nine limited circumstances. Collins has not argued for purposes of the instant motion that any of these circumstances are applicable in this case[7] or that Fickel, in her official capacity, in allegedly committing the intentional torts outlined in the complaint,[8] was not acting within the scope of her duties.

Accordingly, the Court

(1) DENIES the Motion to Dismiss the Complaint [Doc. 19] filed on October 12, 2012, by Fickel, in her individual and official capacities, and R Reiber on behalf of Reiber, individually, to the extent that these defendants have sought dismissal of the complaint due to Collins' failure to prepay these defendants for all legal fees and costs reasonably incurred by Fickel and Reiber in litigating Collins II; and

(2) GRANTS said motion to the extent that Fickel in her official capacity has sought dismissal of Collins' federal and state law claims against her and DISMISSES this action without prejudice against Fickel in her official capacity.

ENTERED this 17th day of December, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

immunity. . . .

[7]The Pennsylvania General Assembly has waived sovereign immunity in only nine limited circumstances: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. E.g., 42 Pa.C.S. § 8522(b).

[8]Collins has asserted pendent state law claims against various defendants for assault, battery, conversion, false arrest and false imprisonment. See Doc. 1 at 23, ¶ 104.